UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN POZOS,<br><br>          Petitioner,<br><br>   v.<br><br>H.B. ANGLEA,<br><br>          Respondent. | No. 2:18-cv-0856-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss (ECF No. 13) which argues that the current petition is untimely. Petitioner has opposed the motion (ECF No. 18) and respondent has filed a reply (ECF No. 19). After review of the pleadings, the court finds that the petition must be dismissed as untimely.

Procedural Background

Petitioner was convicted of first degree murder with an allegation that he personally used a deadly weapon in the commission of the offense. Lodg. Docs. 1 & 2.[1] He was sentenced to an indeterminate state prison term of twenty-six years to life. *Id.*

---

[1] Respondent has lodged these documents in paper alongside its motion to dismiss. The court may take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

1

On September 16, 2016, the court of appeal affirmed the judgment. Lodg. Doc. No. 2. Petitioner sought review with the California Supreme Court, which was denied on November 22, 2016. Lodg. Docs. 3 & 4.

Petitioner filed his first state habeas petition with the Sacramento County Superior Court on January 6, 2017.[2] Lodg. Doc. No. 5. That petition was denied on March 6, 2017. Lodg. Doc. No. 6.

The instant petition was filed on April 5, 2018. ECF No. 1.

## Applicable Legal Standards

### I. Motion to Dismiss

In the context of federal habeas claims, a motion to dismiss is construed as arising under Rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. As noted supra, the court may also take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

### II. Statute of Limitations

A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional

---

[2] The state petition and the federal petition were given the benefit of the mailbox rule. *See* Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. *See* 28 U.S.C. § 2244(d). In most cases the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed", however, if it is authorized by and in compliance with state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). It bears noting that there is no tolling for periods of unreasonable delay between state court applications. *See Carey v. Saffold*, 536 U.S. 214, 225 (2002).

## Analysis

### I. The Limitations Period

As noted above, court records indicate that petitioner's conviction was affirmed by the court of appeal on September 16, 2016. Lodg. Doc. No. 2. He filed a petition for review with the California Supreme Court, which was denied on November 22, 2016. Lodg. Doc. Nos. 3 & 4. Consequently, the state judgment became final ninety days later, on February 20, 2017, after the time to seek review from the United States Supreme Court by way of a petition for writ of certiorari ended. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("The period within which [petitioner] could have sought direct review of his conviction therefore included the ninety-day period within which [petitioner] could have filed a petition for writ of certiorari . . . the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period expired."). The one-year limitations period commenced on February 21, 2017 and the last day to file a petition was one year subsequent, on February 20, 2018, plus any relevant tolling period. The question, then, is whether petitioner is entitled to tolling.

### II. Tolling

As noted, petitioner's one year federal habeas limitations period began to run on February 20, 2017 (i.e. the day after his state judgment became final). His state habeas petition (filed with

3

the superior court on January 6, 2017) was denied on March 6, 2017, fourteen days after the commencement of the limitations period. Lodg. Doc. No. 6. Thus, the first petition entitles petitioner to fourteen days of tolling. Thus, he had until March 6, 2018[3] to file the instant federal habeas petition. The instant petition was not filed until April 5, 2018. ECF No. 1.

Petitioner has not offered any persuasive argument that he is entitled to equitable tolling. In his opposition, he states that his appellate attorney withdrew on November 28, 2016, and as a layman, he was under the belief "that the one-year and 90 day time limitation started on March 6, 2017." ECF No. 18 at 1. Case law forecloses any argument that petitioner's status as a layman should excuse his petition's untimeliness, however. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling).

## Conclusion

Accordingly, it is RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted;

2. The petition be dismissed with prejudice as untimely; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing

/////

---

[3] The one-year limitation date of February 21, 2017 plus fourteen days of tolling.

4

§ 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 19, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE